*Giron-Salinas v. Garland*

BIA
Bain, IJ
A206 022 354

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:

> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JAIRON NEHEMIAS GIRON-SALINAS,

> *Petitioner*,

> v.                                                                          20-3950
>                                                                               NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

_____

**For Petitioner**:                    Nicholas John Mundy, Brooklyn, NY.

**For Respondent:**                 Brian M. Boynton, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jairon Nehemias Giron-Salinas, a native and citizen of Guatemala, seeks review of a decision of the BIA that reversed a decision of an Immigration Judge ("IJ") and denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jairon Nehemias Giron-Salinas,* No. A206 022 354 (B.I.A. Nov. 9, 2020), *rev'g* No. A206 022 354 (Immig. Ct. N.Y.C. June 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA reverses an IJ's grant of relief, we review the BIA's decision as the final agency determination. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's findings of fact for substantial evidence and

2

conclusions of law de novo. *See id.*; *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

**I. Jurisdiction**

As an initial matter, we decline to consider Giron-Salinas's jurisdictional argument, which was not raised before the BIA. *Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("[U]sually . . . issues not raised to the BIA will not be examined by the reviewing court."). In any event, Giron-Salinas's challenge to the IJ's jurisdiction is based on a reading of *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which has been foreclosed by our decisions in *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019) and *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021).

**II. Asylum and Withholding of Removal**

With respect to asylum and withholding of removal, we agree with the BIA's determination that Giron-Salina did not meet his burden to establish eligibility for either of these forms of relief. In order to obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for

3

persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (deferring to BIA's application of the "one[-]central[-]reason" standard to withholding of removal). To constitute a cognizable particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007).

Giron-Salinas's proposed group – "Guatemalans of school age who are unable to attend school due to gang violence or gang conscription," Certified Admin. Record at 3 – is not socially distinct or sufficiently particular.  Giron-Salinas did not demonstrate that Guatemalan society perceives school-aged children targeted by gangs, and thus unable to attend school, to be a distinct social group.  *See Paloka*, 762 F.3d at 196 ("[I]n determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception.").  Moreover, Giron-Salinas's proposed group is impermissibly circular.  *See id.* ("Persecutory conduct aimed at a social

4

group cannot alone define the group, which must exist independently of the persecution."); *cf. Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

**III.    CAT Protection**

The BIA also provided sufficiently cogent reasons for its determination that the IJ had clearly erred in determining that Giron-Salina was eligible for CAT relief. *See Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016).  A CAT applicant has the burden to show that he would "more likely than not" be tortured in the proposed country of removal. *See* 8 C.F.R. § 1208.16(c)(2).  "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" by, or at the instigation of, or with the consent or acquiescence of, any person acting in an official capacity. *Id.* § 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 759 (2d Cir. 2022).  In determining whether torture is more likely than not, the agency is required to consider evidence of past torture and country conditions.  8 C.F.R. § 1208.16(c)(3).

Here, the BIA reasonably determined that Giron-Salinas's testimony

5

regarding his past experiences with gangs as a school-aged child – as well as country-conditions evidence concerning crime and gang violenceis insufficient to demonstrate that he is more likely than not to be tortured as an *adult* upon his return to Guatemala. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) ("[W]hile Wang's testimony as well as some of his 'country conditions' documents . . . indicate that some prisoners in China have been tortured, Wang has in no way established that someone in his particular alleged circumstances is more likely than not to be tortured if imprisoned in China." (citation and emphasis omitted)); *see also Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court